**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHOICE HOTELS INTERNATIONAL, INC.,  *

      Plaintiff,               *

      v.                  *        Civil Action No. 8:18-cv-01526-PX

AALIA HOSPITALITY CORP., *et al.*,    *

      Defendants.       *
                       ***

## <u>MEMORANDUM OPINION</u>

Pending before the Court are Defendants AALIA Hospitality, Corp. ("AALIA") and Taj A. Khan's Motion to Vacate the Complaint (ECF No. 13) and Plaintiff Choice Hotels International, Inc.'s ("Choice Hotels") Motion for Clerk's Entry of Default (ECF No. 10), Motion for Default Judgment (ECF No. 11), and Application to Confirm Arbitration Award. ECF No. 1. For the following reasons, Choice Hotels' Motions for Clerk's Entry of Default and Default Judgment are DENIED as moot (ECF Nos. 10, 11), AALIA and Khan's Motion to Vacate is DENIED (ECF No. 13), and Choice Hotels' Application to Confirm Arbitration Award is GRANTED. ECF No. 1.

### I.    Background

On October 17, 2013, Choice Hotels entered into a franchise agreement with Diamond Hospitality, Corp., Kamlesh Brahmbhatt, AALIA, and Khan (collectively, "the franchisees"). *Id.* ¶ 6. The franchise agreement provided that the franchisees would operate a Choice Hotels-branded hotel in Suffolk, Virginia. *Id.* The franchise agreement also included an arbitration provision in which the parties agreed that disputes arising from the franchise agreement would be referred for binding arbitration. ECF No. 1-2 ¶ 21.

About a year later, Choice Hotels issued a written notice of default to the franchisees for

failure to respond to a pressing safety violation. ECF No. 1 ¶¶ 7–8. Choice Hotels thereafter initiated arbitration proceedings on February 17, 2018, because the franchisees failed to remedy the breach. *Id.* ¶ 9. As damages, Choice Hotels demanded contractual fees, interest, and liquidated damages. *Id.*

Pursuant to Commercial Arbitration Rule 43, the franchisees were properly served notice of the arbitration proceedings, but none of the franchisees attended the arbitration. Commercial Arbitration R-43; ECF No. 1-3 at 1; ECF No. 1 ¶ 12. Following an evidentiary hearing, the arbitrator found the franchisees jointly and severally liable for breaching the agreement, and awarded damages for unpaid franchise fees of $29,200.03, interest of $11,831.40, contractual lost profit damages of $128,667.67, arbitrator's compensation and expenses of $2,947.41, and expenses of $7,597.41, totaling $177,295.51. ECF No. 1-3 at 2.

On May 25, 2018, Choice Hotels brought this Application to Confirm Arbitration Award against the franchisees.[1] ECF No. 1. The Defendants were served on July 27, 2018. ECF No. 9. Because the Defendants failed to respond timely, Choice Hotels moved for clerk's entry of default and default judgment on February 14, 2019. ECF Nos. 10, 11. On March 4, 2019, Defendants moved to vacate the arbitration award. ECF No. 13. For the following reasons, the Court denies the default motions as moot and confirms the arbitration award.

## II.     Motion for Entry of Default and Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and with notice

---

[1] Shortly thereafter, this Court approved Stipulations of Dismissal as to Diamond Hospitality, Corp. and Kamelesh Brahmbhatt. ECF Nos. 6, 8.

to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant responded late or not at all. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012). When possible, cases should be decided on the merits. *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).

The Clerk of this Court never entered Rule 55(a) default[2] and Defendants have now responded to the Application to Confirm Arbitration Award. ECF No. 13. Because this Court sees no reason to avoid reaching the merits of the Application, the Motions for Entry of Default and Default Judgment are DENIED as moot. ECF Nos. 10, 11.

## III. Application to Confirm Arbitration Award and Motion to Vacate

On the merits, the parties have filed dueling motions: one asking the Court to confirm the arbitration award, the other asking to vacate it. ECF Nos. 1, 13. The Federal Arbitration Act ("FAA") provides that within one year after an arbitration award is filed, the prevailing party must apply to the Court to confirm the award. 9 U.S.C. § 9. Importantly, the Court's scope of review of an arbitrator's award is "among the narrowest known at law" and for good reason. *Apex Plumbing Supply, Inc. v. U.S. Supply Co.,* 142 F.3d 188, 193 (4th Cir. 1998). To hold otherwise would frustrate the parties' very purpose of agreeing in advance to arbitration: "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Id.*

As to the Defendants' requested relief, an award may be vacated only where the movant demonstrates that "(1) the award was procured by corruption, fraud, or undue means; (2) the

---

[2] Even if the Clerk entered default, the Court would have vacated the Clerk's entry of default. *See Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.").

arbitrator engaged in misconduct or was not impartial; or (3) the arbitrator exceeded his powers." *Choice Hotels Int'l, Inc. v. Niteen Hotels (Rochester), LLC*, 103 Fed. Appx. 489, 492 (4th Cir. 2004); *see also* 9 U.S.C. § 10(a)(1)–(4); *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 207 (4th Cir. 2008). Defendants maintain that vacatur of the award is warranted because they did not receive notice of the arbitration proceeding. ECF No. 13 ¶¶ 5–8. Khan, more specifically, avers that he was travelling internationally and was not present at the address that Choice Hotels sent notice of the arbitration proceedings. *Id.* ¶¶ 5–6. Because Plaintiff does not meet any of the grounds supporting vacatur, Defendants' argument must fail.

Defendants agreed that they would be bound by the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). ECF No. 1-2 ¶ 21. These Rules permit process to be served "by mail addressed to the party or its representative at the last known address." Commercial Arbitration R-43; *see also Choice Hotels Int'l, Inc. v. Shree Sai Props.*, No. GJH-15-0231, 2017 WL 1025724, at *4 (D. Md. Mar. 13, 2017) (applying the Commercial Arbitration Rules' service requirements). Additionally, the parties do not dispute that Choice Hotels effected proper service in accordance with Commercial Arbitration R-43. Choice Hotels searched for Defendants' current addresses through the Tracers public databases and the Virginia.gov business entity search and found the Defendants' latest known address was 2864 Pruden Boulevard, Suffolk, Virginia 23434 ("2864 Pruden"). ECF No. 17 ¶ 3. Choice Hotels mailed copies of the arbitration demand and a representative of the American Arbitration Association sent letters regarding the preliminary hearing to this address. ECF Nos. 17 ¶ 3, 17-1–17-3. Although Khan was travelling internationally, 2864 Pruden is the last known professional address for Khan as an individual and for Khan as the Defendants' Registered Agent and is the address of the hotel. ECF No. 17-2. Indeed, the employee who Khan hired as

manager of the hotel signed the postal receipt for the delivery to 2864 Pruden, indicating notice

was sent to the appropriate address.  ECF Nos. 13-1 ¶ 5, 17-4.  Thus, the Court has been given no

good reason to find service improperly effectuated.

This service also met constitutional due process requirements.  Due process

considerations require that notice is "reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections."  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 303 (4th

Cir. 2017).  When a party has no "reason to believe their notices are not being delivered to the

adverse party, sending notices according to the terms of the agreement [is] reasonably calculated

to apprise Defendants of the pending arbitration proceedings."  *Shree Sai Props.*, 2017 WL

1025724, at *4.

Khan's only contention in this regard is that Choice Hotels could have served him by

email, and failure so serve fell below that which due process requires.  ECF No. 13 ¶ 11.  But in

addition to serving the above-described notice, AAA representatives communicated by email

with the parties about the arbitration proceedings and included Khan, by email, on these

communications.  ECF No. 17-5; *see also Enovative Techs., LLC v. Leor*, No. JKB-14-3956,

2014 WL 7409534, at *1 (D. Md. Dec. 24, 2014) (finding notice by email was reasonably

calculated to apprise a party of the pendency of the action under due process requirements).

Thus, Khan received the very notice he desired.  The notice comported with due process.

Relatedly, Defendants argue that the arbitrator engaged in misconduct by reaching the

merits of the claim without ensuring Defendants had received proper notice of the proceedings.

ECF No. 13.  Defendants more particularly argue that the arbitrator failed to make specific

findings regarding the sufficiency of service beyond generic noting that "[t]he record indicates

the Respondents were served in accordance with the standard procedures of the American Arbitration Association. . . ." ECF No. 13 ¶ 12. The Defendants' criticism is misplaced.

"An arbitrator is generally under no obligation to provide reasons for his decision" and "even where explanation . . . is deficient or non-existent, we will confirm [an arbitrator's decision] if a justifiable ground for the decision can be inferred from the facts of the case." *SM Prop. Mgmt, LLC*, 519 F.3d at 214. This is especially so when considering that notice was proper, and the arbitrator found as much. *See* Commercial Arbitration R-43; *Shree Sai Props.*, 2017 WL 1025724, at *4; ECF Nos. 17–1–17-5. In the end, Defendants' lack of notice requirement does not support vacatur of the arbitration award.

Alternatively, the Court finds that the motion to vacate must be denied as untimely. Under the FAA, the motion to vacate an arbitration award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "The Fourth Circuit has not yet recognized equitable exceptions to the FAA's three month deadline . . . ." *Chase v. Nordstrom, Inc.*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010). Once the Plaintiff has filed an application to confirm the award, an untimely motion to vacate generally will not be excused. *Cf. Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("We do not consider, however, whether due diligence or tolling rules are proper exceptions to the limitations period prescribed by the Federal Arbitration Act").

Under the franchise agreement, the parties agreed in advance that an award may be entered in any party's absence at "any properly noticed arbitration proceeding." ECF No. 1-2 ¶ 21. This is precisely what occurred here. ECF No. 1-3 at 2. Now Defendants—essentially complaining about that which they had agreed could occur—move out of time to vacate the award. ECF No. 13. Even if equitable tolling applies, this Court finds no ground on

which to excuse Defendants' untimely motion.  *See* 9 U.S.C. § 9; *Chase*, 2010 WL 4789442, at

*2; ECF No. 13.

**IV.     Conclusion**

For the foregoing reasons, Defendants AALIA and Khan's Motion to Vacate (ECF No.

13) is DENIED, Plaintiff Choice Hotels' Motions for Entry of Default (ECF No. 10) and Default

Judgment (ECF No. 11) are DENIED as moot, and Plaintiff Choice Hotels' Application to

Confirm Arbitration Award is GRANTED, confirming the arbitrator's award of $177,295.51.

ECF Nos. 1, 1-3.

7/03/2019_____                    _____/S/_____
Date                                             Paula Xinis
                                                 United States District Judge